JONES et al. vs. JONES.

JUNE

APPEAL from a decree of the Court of Chancery. The bill, filed on the 29th of July 1799, by the appellants, as complainants, states, that *Susanna Jones*, mother of the complainants and defendant, being seized in fee tail of a tract of land in *Saint Mary's* county, called *The first and second parts of Pountney's Oversight*, and desirous that the same, on her death, should descend to all her children equally, or be subject to her disposition by will, did by

A deed of conveyance, executed by a tenant in tail, and not enrolled within the time prescribed by law, but enrolled thereafter, and after the death of the tenant in tail, under a decree of the court of chancery for that purpose, cannot operate against the issue in tail. The court of chancery cannot

decree that a deed of conveyance, executed by a tenant in tail, may be recorded after the expiration of the time limited by law for the recording of deeds—an estate tail not being within the provisions of the act of 1785, ch. 72, s 11.

deed of indenture, in due form of law, executed and ac-knowledged, together with *Mathias Jones*, her husband, on the 13th of July 1797, bargain and sell the same to *Benjamin Williams*, for the use and behoof of *Mathias*, her husband, during his life, then to the use of *Susanna* during her life, and from and after her decease to the use and behoof of such person or persons, and for such estate, and subject to such provisos, &c. as she, *Susanna*, by any deed, &c. or by her last will and testament, to be by her duly executed, should give, grant, limit or appoint, and for want of such appointment, or until such appointment, to the use and behoof of *Susanna*, and her heirs, for ever. Shortly after the execution of this deed, it was placed by *Susanna* in the hands of her husband, to be recorded; and within six months from the execution of the same *Susanna* was taken ill, and in order to carry into effect the power given by the deed to her to make a will, she sent for a person to write her will, and gave directions for the land to be equally disposed off amongst all her children, but before the same could be formally done, she became incapable of executing it, and died in a short time thereafter. On her death, *Mathias*, the complainants' father, believing the deed was void, his wife not having been able to dispose of the premises by her will, omitted to have it recorded. That it was owing to the want of information of their father, and his ignorance of the operation of the deed, that he permitted the time to elapse in which the deed should have been recorded, and that it was not owing to any fraudulent design or intention of the party or parties claiming under the deed, that it was not recorded agreeably to law. That their father was also seized in fee in his own right, of a considerable real estate in the said county; that he entertained doubts whether the land mentioned in the deed was actually entailed on his wife, or was her's in fee simple, but on being fully made sensible the same was entailed, and that the deed would have been effectual to dock the entail, though recorded after his wife's death, by which means the land would have descended equally, he, in order to do justice to his younger children, resolved, that unless the defendant would relinquish his claim by primogeniture, and place his brothers and sisters in the same situation with himself, to convey all his own estate amongst the younger children to the exclusion of the

eldest; but that from sudden indisposition, and a hasty death, the father was prevented from effectuating his determination; and that by his death intestate, his estate descended equally amongst all his children, by which the eldest son, the defendant, claims the whole of the mother's, and an equal share of his father's estate. *Prayer,* that the deed may be recorded, &c. The defendant *demurred* to the bill.

HANSON, Chancellor, (December 16, 1808.) It has, on a former occasion (*a*), been determined by the general court, on a case submitted, that a deed executed by a tenant in tail, and not recorded within six months, but recorded after the tenant's death under a decree of this court, should not operate against the issue in tail. This being the case, the party claiming under the deed, has not a title to the land, and therefore the chancellor conceives, that he cannot, with propriety, decree the recording of the deed.— *Decreed,* that the demurrer in this cause filed be allowed and ruled good, and that the defendant be hence dismissed, but without costs, the chancellor deciding merely on the opinion of the general court, in a single instance given, and never affirmed by the court of appeals.

The chancellor here takes occasion to observe, that he always decides according to the known opinion of the court of appeals, or that of the general court, where the court of appeals has given no opinion; but that there ought to be a distinction between the decision of the court of *dernier resort,* and of a court below. The chancellor knows not but that this suit is instituted for the purpose of obtaining the opinion of the court of appeals. From this decree the complainants appealed to this court.

The cause was argued before CHASE, Ch. J. TILGHMAN, BUCHANAN, NICHOLSON and GANTT, J.

*Key,* and *Johnson* (Attorney-General,) for the Appellants, referred to the acts of 1773, *ch.* 1, and October 1782, *ch* 23. *Laidler vs. Young's Lessee, (ante* 69.) The act of 1785, *ch.* 72, *s.* 11. *Pow. on Dev.* 393. *Wills vs. Palmer,* 5 *Burr.* 2615; and *Hampson vs. Edelen, (ante* 64.)

*Martin* and *W. Dorsey,* for the Appellee, cited 2 *Bac. Ab.* tit. *Estate in Tail,* (D) 553. *Ross vs. Ross, Chan.*

(*a*) *Ridgely vs. M'Laughlin,* 3 *Harr. & M'Hen.* 220.

1808

Jones
vs
Jones

*Ca.* 171.   *Ridgely* vs. *M'Laughlin*, 3 *Harr. & M'Hen.*
220;' and *Todd et ux: vs. Pratt*, 1 *Harr. & Johns.* 465.

CHASE, Ch. J.   I am of opinion that the decree of the.
Chancellor be affirmed, with costs.

It is certainly an established principle, that the heir or.
issue in tail claims the land *per formam doni;* and does
not derive his title to it from the tenant in tail, who in
respect of said land is nothing more than the conduit pipe,
through which the title to the land is conducted to the is-
sue in tail, whose claim to it is from the donor according
to the gift.   The land of the heir, or issue in tail, is not
liable to the debts of the tenant in tail, nor is he compel-
lable to execute or fulfill any contract made by his ances-
tor for the sale or conveyance of said land.   The issue in
tail cannot be barred of his right, but by fine, common re-
covery, or deed executed according to act of assembly.
The deed to bar him must be operative in the life-time of
the tenant in tail, for immediately on his death the title of
the issue attaches.   If the deed had been recorded within
the six months, it would have operated by relation, from
the date of the deed, and would have barred the issue in
the life-time of the tenant in tail.

An estate tail is not within the act of 1785, *ch.* 72, for
recording deeds.   The petition must be filed against the
heir, devisee, executor, or administrator of the grantor,
and with respect to the land entailed, the heir or issue in
tail is neither heir, devisee, executor or administrator.

I have shown he cannot be considered as heir.   If the
land was devised to him by the tenant in tail, he would
not take as devisee, but by a title paramount *per formam*
*doni*, which accrues *eo instante* of the death of the ances-
tor.

The case of executor or administrator can only relate to
estates for years or an estate for the life or lives of others;
from all which the conclusion is fair and irresistible, that
an estate tail is not comprehended within the act of 1785.

This question was decided by the judges of the general
court, on a reference to them by the chancellor, at May
term 1794, in the case of *Charles Ridgely, of William,
against William M'Laughlin*, (3 *Harr. & M'Hen.* 220.)
which decision was adopted by the chancellor, acquiesced
in by the parties, and has since been considered as the law.

TILGHMAN, BUCHANAN and NICHOLSON, J. concurred.
GANTT, J. dissented.

DECREE AFFIRMED.